## MATTER OF FRIESS

### In Deportation Proceedings

### A-20372484

### Decided by Board May 7, 1976

Respondent, a religious trainee at a Buddhist Community, who would be performing work related to the maintenance and function of the Community, did not qualify for the labor precertification provided for the categories of employment listed in 29 CFR 60.7 Schedule A, Group III, and was not otherwise exempt from the labor certification requirement provided in section 212(a)(14) of the Immigration and Nationality Act. Absent such labor certification, respondent was ineligible for adjustment of status under section 245 of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2)—[8 U.S.C. 1251(a)(2)]—Nonimmigrant trainee—remained longer.

ON BEHALF OF RESPONDENT:  
Jeffrey H. Swartzbaugh, Esquire  
Lamantia, Gelacak & Swartzbaugh  
816 Prudential Building  
Buffalo, New York 14202

ON BEHALF OF SERVICE:  
Richard K. Rogers  
Acting Trial Attorney

This is an appeal from the September 26, 1975 decision of the immigration judge in which he found the respondent deportable as charged, denied his application for adjustment of status, and granted him two months voluntary departure, with an alternate order of deportation to Germany. The appeal will be dismissed.

The respondent, a native and citizen of Germany and a landed immigrant in Canada, was admitted to the United States on December 31, 1973 as a nonimmigrant trainee authorized to remain until March 31, 1974. His application for status as a permanent resident, filed on January 17, 1974, was denied by the district director on September 23, 1974 on the ground that the respondent was going to be employed in the United States, was not exempt from the labor certification requirement of section 212(a)(14) of the Immigration and Nationality Act, and did not have a labor certification or, therefore, a priority date. The district director concluded that the respondent was ineligible for adjustment of status. On November 18, 1974 the respondent was granted seven days

within which to depart from the United States; he failed to depart. Deportability is conceded.

The facts of this case are as follows. The respondent, a lawyer by profession in Germany, journeyed to Canada, where he became a landed immigrant, and studied at the Zen Center in Toronto, Canada from September 1972 to March 1973. Because there are only members but no Zen teachers at the Center in Toronto, the respondent wished to enter the United States to complete his training at the Zen Center, which is a Buddhist Community, in Rochester, New York. He wanted to enter the United States for 18 months, but was informed that he could enter for only six months at a time and apply for extensions. His order to show cause shows that he was admitted for only three months. The respondent testified that when he applied for his first extension he was told it was very unlikely he could get it renewed for a long time, so he sought the advice of a lawyer.

According to the director of the Zen Center, in his letter of January 30, 1974, the program at the Zen Center includes "study, zazen-meditation, manual work, and various other activities, all of which are intended to lead to religious awakening, or Enlightenment." The training period varies in length, depending on the individual readiness of each student. The Center is selective in its choice of students, since it cannot train a great many. The director of the Center felt that the respondent showed "exceptional promise" and would make a "genuine contribution towards a better society" if he could complete his training, which would take three to five years. The director of the Center then stated that he would personally guarantee that the respondent would not become a public charge.

It appears to us that the work the respondent would do at the Center, chiefly maintenance of the Center and its functions, is part of the training program and must be done by the students or trainees there. However, although the Center probably would not hire outsiders to perform this work for wages, we think that a labor certification is required nevertheless.

Aliens who seek to enter the United States to perform religious duties are considered to be coming to perform skilled or unskilled labor and therefore must obtain a labor certification, although they are pre-certified by regulation. 29 CFR 60.2(a)(1) and 60.7, Schedule A, Group III(a), (b), and (c). No provision is made for precertification or a waiver of certification for those who are in training for an occupation in one of the Group III categories. Moreover, in an analogous situation, a student over 16 years of age who was potentially employable was required to obtain a labor certification. *Matter of Redekop-Rempening*, 11 I. & N. Dec. 674 (BIA 1966).

On the basis of the foregoing, we find that because he does not have a

valid labor certification, the respondent is not eligible for adjustment of status. Consequently, the following order will be entered.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within two months from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.